UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

HYEON SOON CHO, CHIEN HSING CHUNG
and CHONG JIN LEE,

                     Plaintiffs,

          -against-

KOAM MEDICAL SERVICES P.C., SORYANG
KIM, ACE HEALTH MANAGEMENT, INC.,
HENRY BYUN and JESSICA BYUN,

                    Defendants.

------------------------------------------------------------x

<u>MEMORANDUM AND ORDER</u>

1:05-CV-05265 (ENV) (RML)



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 30 2007

P.M.
TIME A.M.

VITALIANO, D.J.

    Plaintiffs Hyeon Soon Cho, Chien Hsing Chung and Chong Jin Lee brought this action on November 8, 2005[1] pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law against defendants Koam Medical Services P.C., Soryang Kim, Ace Health Management, Inc., Henry Byun and Jessica Byun, seeking to recover federal and state compensatory and liquidated damages, pre-judgment interest, attorneys' fees and costs, as authorized by 29 U.S.C. § 216(b) and N.Y. Lab. Law §§ 198 and 663. Plaintiffs also alleged assault and battery and intentional infliction of emotional distress on behalf of Cho and breach of contract or, in the alternative, unjust enrichment on behalf of Chung.

    The only defendant to appear in this action was Kim. On April 26, 2006, plaintiffs moved for an entry of default against Koam Medical, Ace Health Management and Henry and Jessica Byun, which was entered by the Clerk of the Court on October 25, 2006. The case proceeded against Kim, culminating in a one-day bench trial on October 2, 2007, during which a damages inquest was taken against the defaulting defendants.

---

[1] An amended complaint was filed on February 1, 2006 adding Ace Health Management, Inc., Henry Byun and Jessica Byun as co-defendants.



In a decision made on the record, the Court found Kim and the defaulting defendants jointly and severally liable to plaintiffs for violations of the FLSA and N.Y. Labor Law § 650 et seq.[2] and awarded plaintiffs compensatory damages of $13,313.33, as well as federal and state liquidated damages and pre-judgment interest on the state claims, for an aggregate amount of $23,454.14. The Court also found Kim liable to Chung for breach of contract and defaulting defendant Ace Health Management liable to Cho for battery. The Court awarded $600 in compensatory damages to Chung and $2500 in compensatory damages to Cho.

Pursuant to this Court's order, plaintiffs submitted a proposed judgment including, *inter alia*, a request for attorneys' fees and costs. In support of their proposed attorneys' fees, plaintiffs' attorneys, Steven Choi ("Choi") and Dewey & LeBoeuf LLP ("D&L"), who litigated this case *pro bono*, proffer contemporaneous time records of counsel and legal staff attached to the Affirmation of Steven Choi ("Choi Aff.") and the Declaration of Autumn Katz ("Katz Decl."). As set forth in the proposed judgment, plaintiffs seek attorneys' fees and costs in the amount of $444,792.30. Defendants did not file any opposition to plaintiffs' proposed judgment.

## Attorneys' Fees

Under both federal and state law a prevailing plaintiff in a wage-and-hour case may seek an award of reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198. In the Second Circuit, "[t]he lodestar method is ordinarily the starting point in determining the amount of fees that may be awarded." Seitzman v. Sun Life Assurance Co. of Canada, Inc., 311 F.3d 477, 487 (2d Cir. 2002); Nam Yang v. ACBL Corp., No. 04 Civ. 8987 (LBS), 2006 WL 435720 (S.D.N.Y. Feb. 22, 2006) (applying lodestar method in FLSA case). Under this method, attorneys' fees are calculated by taking "the number of hours reasonably expended on the

---

[2] The defaulting defendants were found jointly and severally liable only for statutory violations occurring during the periods of time in which plaintiffs alleged they were "employers" under the relevant statutes.

2

litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); cf. <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 493 F.3d 110, 117 (2d Cir. 2007) (advocating for the replacement of the term "lodestar" with "presumptively reasonable fee," but utilizing essentially the same basic methodology). A district court's "choice of rates [is] well within [its] discretion." <u>Cabrera v. Jakabovitz</u>, 24 F.3d 372, 393 (2d Cir. 1994). Neither lodestar nor the presumptively reasonable fee methodology supports the $414,563.13 award plaintiffs seek.

1. <u>Reasonable Hourly Rates</u>

Reasonable hourly rates are determined by reference to "the prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 895-96 n.11 (1984). To determine the reasonable hourly rate, the Court must consider the factors enumerated in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974),[3] in addition to "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." <u>Arbor Hill</u>, 493 F.3d at 117-18. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable

---

[3] "The twelve <u>Johnson</u> factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." <u>Arbor Hill</u>, 493 F.3d at 111 n.3 (2d Cir. 2007) (citing <u>Johnson</u>, 488 F.2d at 717- 19).

skill, experience and reputation." <u>Blum</u>, 465 U.S. at 895-96 n.11. The relevant "community" is "the district in which the court sits," <u>Luciano v. Olsten Corp.</u>, 109 F.3d 111, 115 (2d Cir. 1997) (internal citations omitted), here, of course, the City of New York.

*Steven Choi*

Plaintiffs seek $175 an hour for Choi's work. Choi Aff. ¶ 5. In support of plaintiffs' application, Choi submitted his resume, evidence of similar awards in other wage-and-hour cases, and evidence of prior awards that Choi received for similar work. Choi is a 2004 graduate of Harvard Law School, has served as a staff attorney and director of the Asian American Legal Defense and Education Fund since 2004 and program director of YKASEC since September 2007, and has been counsel or co-counsel in 25 state and federal lawsuits based on federal and state wage-and-hour law, including 18 lawsuits in the Southern and Eastern Districts of New York. See Choi Aff. ¶ 6 & Ex. B. Choi has provided adequate evidence that $175 per hour is within the range charged by attorneys of similar experience in civil rights cases in this district, and, in fact, Choi was awarded this same amount in another wage-and-hour case brought in the Southern District of New York. <u>Nam Yang</u>, 2006 WL 435720, at *3. The Court thus finds that $175 per hour is a reasonable hourly rate for Choi's work.

*D&L*

The fees sought for D&L, however, are not reasonable in light of the work performed in this case. Plaintiffs request that they be awarded compensation at the following hourly rates to cover the legal services provided in this action by D&L: John Aerni, a partner at D&L, at a rate of $650 per hour for the year 2006 and $675 per hour for the year 2007; Autumn Katz, an associate at D&L, at a rate of $395 per hour; Marc Abrams, a former associate at D&L, at a rate of $450 per hour for the year 2005 and $475 per hour for the year 2006; Leah Campbell, an associate at D&L, at a rate of $505 per hour; Heather Fong, a former associate at D&L, at a rate

4

of $420 for 2006, $445 for the first half of 2007, and $465 for the second half of 2007; Jennifer Lee, an associate at D&L, at a rate of $300 for 2005, $325 per hour for the first half of 2006, and $365 for the second half of 2006; Sue Park, a former associate at D&L, at a rate of $370 for 2005, $385 for the first half of 2006, $405 for the second half of 2006, and $425 for 2007; Kelly Tsai, an associate at a rate of $475 for 2006 and $505 for 2007; and Thomas Burke, a paralegal at D&L, at a rate of $210 per hour. Katz Decl. at ¶¶ 7-15.

The Court finds the rates claimed for the services provided by D&L to be excessive in light of the type of litigation involved. While these rates may be on par for the protracted and complex corporate litigation that D&L is accustomed to handling for large, fee-paying clients, these amounts greatly exceed the rates usually charged by wage-and-hour attorneys. See Morris v. Eversley, 343 F. Supp. 2d 234, 247 (S.D.N.Y. 2004) ("it would not be fair to [defendant in a pro bono case] to assess fees against him based on the same rates Milbank charges its large corporate clients for very different legal work"); see also Pastre v. Weber, 800 F. Supp. 1120, 1125 (S.D.N.Y. 1991). Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants. See, e.g., La Barbera v. Les Sub-Surface Plumbing, Inc., No. 2:03 CV 06076 (ENV) (ETB), 2006 WL 3628024, at *8 (E.D.N.Y. Dec. 11, 2006) (Vitaliano, J.) (awarding $250 per hour in fees for an associate with six years experience); La Barbera v. ESL Home Remodeling Inc., No. 06-CV-1372 (ARR) (CLP), 2007 WL 708359, at *6 (E.D.N.Y. Feb. 28, 2007); King v. STL Consulting, LLC, No. 05 CV 2719 (SJ), 2006 WL 3335115, at *7 (E.D.N.Y. Oct. 3, 2006).[4]

Of course, the wide bands reflected in a comparison of these prevailing rate

---

[4] See also Corbett v. Reliance Moving & Storage, Inc., No. 1:00-cv-07656 (ENV) (KAM) (E.D.N.Y. May 30, 2007) (Vitaliano, J.) (awarding an hourly rate of $250 per partner, $200 per senior associate, $150 per junior associate, and $70 per legal assistant for work performed in a straightforward ERISA matter).

determinations take stock of the differing pedigrees of counsel and variants inherent in litigation. In this case, apart from providing the Court with information concerning the hourly rates customarily charged by D&L attorneys to their paying clients, plaintiffs proffer no other evidence whatsoever to justify the requested fees. No proof is offered that these attorneys were able to bill any other client for the kind of litigation services rendered on behalf of plaintiffs at the claimed rates nor have plaintiffs submitted affidavits from other attorneys who charge at comparable rates for comparable work. Indeed, plaintiffs have not even indicated whether the D&L attorneys were ever the subject of any prior motion for fees and what determination may have been rendered in those cases as to the "prevailing rate" for attorneys of their caliber. More significantly, plaintiffs have not provided such basic information about the D&L attorneys as dates of bar admission and experience with these types of cases. Plaintiffs additionally have failed to address the relative difficulty and complexity of litigating the issues of this case. While these omissions are not fatal to plaintiffs' application, the Court is left to make such determinations based on its own experience with this case and with counsel. Clarke v. Frank, 960 F.2d 1146,1153 (2d Cir. 1992) (the court looks to its familiarity and experience with the case and general experience in setting fees).

As a starting point, the Court notes that this case was relatively simple—all but one defendant defaulted and the FLSA and New York Labor Law are both straightforward. In light of such relative simplicity, the level of compensation sought is well out of line with reasonable rates of compensation prevailing in this district for matters of a similar stripe. See, e.g., Alveranga v. Winston, No. 04-CV-4356 (ARR) (CLP), 2007 WL 595069, at *7 (E.D.N.Y. Feb. 22, 2007) (noting that "[r]ates awarded . . . in cases not involving complex issues tend, on average, to be lower"). Further, since the D&L attorneys have not provided any evidence of their litigation experience, and, in particular, their experience with wage-and-hour litigation, and

6

given the evidence of Choi's considerable experience and the request for the reasonable rate of $175 per hour for Choi's time, the Court does not believe that a superior award is warranted for the D&L associates. The Court will adjust the hourly rates accordingly. To that end, compensation for services rendered during the entire pendency of this action by Aerni, the partner working on this case is computed at a rate of $250 per hour. See, e.g., LaBarbera v. J.E.T. Rest., Inc., 396 F. Supp. 2d 346, 352-53 (E.D.N.Y. 2005) (calculating a fee award using a rate of $250 per hour for partners for time logged on a "simple and straightforward" ERISA matter). Compensation for the D&L associates is computed at $150 per hour, and compensation for legal assistants is computed at $75 per hour. See Nam Yang, 2006 WL 435720, at *3; Grochowski v. Ajet Const. Corp., No. 97 Civ. 6269 (NRB), 2002 WL 465272, at *3 n.8 (S.D.N.Y. Mar. 27, 2002) (awarding reasonable attorneys' fees in a wage-and-hour case at an hourly partner rate of $275, associate rate of $150, and paralegal rate of $75).

2. Reasonableness of Hours Expended

The Court next turns to the question of whether the hours expended by counsel for plaintiffs were reasonable in an action of this nature. In that inquiry the Court is guided by the Second Circuit's instruction that judges "use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case." Fox Industries, Inc. v. Gurovich, No. CV 03-5166 TCP WDW, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)). The relevant issue is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). A district court should exclude hours that were "excessive, redundant, or otherwise unnecessary" to the litigation due to, for example, "overstaff[ing]." Hensley, 461 U.S. at 434.

The party seeking the award bears "the burden of documenting the hours reasonably

spent by counsel," STL Consulting, 2006 WL 3335115, at *6 (citing Trustees of the Elevator Div. Ret. Benefit Plan v. Premier Elevator Co., No. 03 Civ. 2703 (RLC) (AJP), 2003 WL 22127912, at *2 (S.D.N.Y. Sept. 16, 2003)), and thus must support its request by providing contemporaneous time records reflecting, "for each attorney [and legal assistant], the date, the hours expended, and the nature of the work done," New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). In support of their application for attorneys' fees, plaintiffs' attorneys do proffer contemporaneous time records of counsel and legal staff. According to the affirmations, plaintiffs seek attorneys' fees for Choi for a total of 285.08 hours and for D&L for a total of 977 on plaintiffs' wage-and-hour claims. This amount reflects, according to Choi, a reduction of Choi's total hours across the board by 10 percent—from 316.75 hours—"to account for any unnecessary or excess work that may appear to the court." Choi Aff. ¶ 4. Plaintiffs also aver that no fees are sought in connection with D&L's work on plaintiffs' non-wage-and-hour claims and that their total hours were thus reduced by 350 from the 1335.45 logged on the case. Katz Decl. ¶ 4.

The record reveals that counsel drafted, inter alia, a complaint, an amended complaint, discovery requests, various correspondence to the Court and to defendants, a motion for default judgment, opposition to a motion to dismiss and pre- and post-trial memoranda. They also attended several status/settlement conferences and conducted a one-day trial. The Court also is mindful that defendant Kim unduly prolonged this litigation by failing to appear for scheduled depositions and to produce documents requested by plaintiffs—necessitating an order by Magistrate Judge Levy compelling testimony—as well as by failing to appear at scheduled Court conferences, thus causing plaintiffs (and the Court) to incur additional and unnecessary expense.

Nevertheless, a thorough review of the record does not support compensation at the level

demanded by the plaintiffs. Even taking into consideration the hours that counsel has voluntarily deducted from their fee requests, the Court cannot view the expenditure of more than 1000 lawyer hours as necessary or reasonable to conduct this litigation.

First, it appears to the Court that the amount of research and time that went into completing relatively straightforward tasks was excessive. Second, many of the time records contain vague explanations of the work performed. There are, for example, many entries that describe the work performed as "review case issues" or "confer re case strategy issues." These entries are not sufficiently specific to permit the Court to determine whether the attorneys spent their time on reasonably necessary tasks much less efficiently. Finally, the record reveals—and the Court has witnessed firsthand—a significant overlap of efforts by multiple counsel (that often occurs in much larger litigation) leading inexorably to the conclusion that a greater economy of time and effort could have been achieved on a three-employee wage-and-hour case. For example, plaintiffs had multiple attorneys attend court conferences and the one-day trial, where one would have been more than adequate. While the Court recognizes that *pro bono* work may result in such duplication of efforts as it provides associates at large law firms with hands-on experience they might not receive otherwise—and the Court commends the attorneys and their firm for taking on such work—it would not be fair to make defendants bear the costs of such training.

"[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (citing New York State Ass'n for Retarded Children, 711 F.2d at 1146); see also DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037, 1045 (E.D.N.Y. 1993) (reducing attorneys' fee request by 40% due to duplication of work, vague descriptions of some of the work performed and the necessity of the

work); American Lung Ass'n v. Reilly, 144 F.R.D. 622, 627 (E.D.N.Y. 1992) (deducting 40% of plaintiffs' hours, finding that there was a duplication of work). Here, the Court finds a deduction of 40% in the number of hours billed by Choi and the D&L associates and legal assistants to be appropriate.[5] Accordingly, the lodestar figure in this case is calculated as follows:

| Attorney | Firm | Reasonable Hourly Rate | Reasonable Hours | Total |
|---|---|---|---|---|
| Steven Choi | | $175 | 171.05 | $29,933.75 |
| John Aerni | D&L | $250 | 2.25 | $562.50 |
| Marc Abrams | D&L | $150 | 27.42 | $4,113.00 |
| Leah Campbell | D&L | $150 | 75 | $11,250.00 |
| Heather Fong | D&L | $150 | 24.93 | $3,739.50 |
| Jennifer Lee | D&L | $150 | 131.97 | $19,795.50 |
| Sue Park | D&L | $150 | 177.36 | $26,604.00 |
| Autumn Katz | D&L | $150 | 67.05 | $10,057.50 |
| Kelly Tsai | D&L | $150 | 1.14 | $171.00 |
| Thomas Burke | D&L | $75 | 79.8 | $5,985.00 |

Based on the above determinations, the lodestar amount of fees to which plaintiffs are entitled is $112,211.75.

3. Adjustments

Although there is a presumption that the lodestar figure represents a reasonable fee, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." Hensley, 461 U.S. at 434. Other factors may result in an upward or downward departure from the lodestar amount. Id. "'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley, 461 U.S. at 436). If a plaintiff achieves only limited success, the lodestar amount may be excessive. In this case, plaintiffs were successful on all their wage-and-hour claims and thus are entitled to

---

[5] The Court has not reduced the number of hours billed by Aerni, the D&L partner, because a review of the time records indicates that Aerni participated in meetings for which he did not bill time, and the Court does not believe that the 2.25 hours billed by Aerni was excessive.

compensation based upon the full lodestar amount.

While this amount may seem excessive in light of the damages awards, the Supreme Court has made clear that there is no per se "proportionality" rule between the damages award to a successful plaintiff and the amount of attorneys' fees available, see City of Riverside v. Rivera, 477 U.S. 561, 578 (1986), and the Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation," Kassam v. City of Shenectady, 415 F.3d 246, 252 (2d Cir. 2005) (citing Cowan v. Prudential Insurance Co. of America, 924 F.2d 522 (2d. Cir. 1991), DiFilippo v. Morizio, 759 F.2d 231 (2d Cir. 1985), Lunday v. City of Albany, 42 F.3d 131 (2d Cir. 1994) (per curiam), Dunlap-McCuller v. Riese Org., 980 F.2d 153 (2d Cir. 1992), and Grant, 973 F.2d 96).[6] Accordingly, where, as here, the plaintiffs were successful on all their claims, the full lodestar amount will not be reduced "simply because a plaintiff recovered a low damage award." Cowan, 924 F.2d at 526 (2d. Cir. 1991). See also City of Riverside, 477 U.S. at 578 (upholding an award of $245,456.25 in fees where plaintiffs had recovered only $33,350 in both compensatory and punitive damages); Morris, 343 F. Supp. 2d at 248 (awarding reasonable attorneys' fees of

---

[6] In Kassam, a civil rights action, the Second Circuit held that it would be an error for a district court to reduce attorneys' fees on the basis of a low damages award, reasoning that 42 U.S.C. § 1988 "was enacted in part to secure legal representation for plaintiffs whose constitutional injury was too small, in terms of expected monetary recovery, to create an incentive for attorneys to take the case under conventional fee arrangements." 415 F.3d at 252. That same rule has been applied in FLSA cases, because, like § 1988, "[t]he purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage-and-hour grievances.'" Grochowski, 2002 WL 465272, at *2 (holding that courts should not place an emphasis on the size of the damages award when awarding attorneys' fees in FLSA case) (quoting Fegley v. Higgins, 19 F.3d 1126, 1134-35 (6th Cir. 1994), cert. denied, 513 U.S. 875 (1994) (internal citations omitted)); see Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048 (GEL), 2007 WL 1373118, at *7 (S.D.N.Y. May 8, 2007) (holding, in FLSA case, that "[a]lthough the [fee] award is greater than the damages actually recovered by plaintiffs, that fact illustrates the wisdom of a fee-shifting statute that accounts for and rewards pro bono representation, because unprofitability is a significant disincentive for most attorneys to take cases like this one").

11

$154,900 where plaintiff was awarded $16,000 in compensatory and punitive damages); Grochowski, 2002 WL 465272 (in wage-and-hour case, awarding $97,207.50 in attorneys' fees where plaintiffs were awarded $26,000 in damages).

### Costs

Plaintiffs also seek to recover an award of $30,229.17 to cover litigation costs incurred by D&L. Plaintiffs have provided an invoice for each expense, as required by Local Rule 54.1(a). The invoices reflect that more than two-thirds of the claimed costs, $25,791.61, are for electronic legal research. The costs also include monies expended for Federal Express, color copies, reproduction, messenger service, telephone, facsimile, postage, deposition services, word processing, overtime meals, business meals, local transportation, deposition/hearing transcripts, and database legal services.

Pursuant to 28 U.S.C. § 1920 and Local Rule 54.1, taxable costs, such as filing and subpoena fees as well as monies expended for transcripts, printing, copying, and witnesses are shifted to the losing party. Non-taxable costs also are shifted to the losing party in a case like this where a statute provides for the shifting of attorneys' fees, as long as these costs are "[i]dentifiable, out-of-pocket expenses," as opposed to "non-recoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate." Kuzma v. I.R.S., 821 F.2d 930, 933-34 (2d Cir. 1987); see Nam Yang, 2006 WL 435720, at *4 (awarding taxable and non-taxable costs in FLSA action). The Court has carefully reviewed plaintiffs' invoices, and has determined that the expenditures for Federal Express, reproduction, telephone, facsimile, postage, deposition services, deposition/hearing transcripts, and database legal services are reasonable. Therefore, the Court awards $3515.71 for these items.

As to the costs of electronic research, the Second Circuit has recognized that such costs are compensable as attorneys' fees and may be awarded, but only where the charges are not

already accounted for in the attorneys' hourly rates. <u>See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 369 F.3d 91, 97-8 (2d Cir. 2004) (per curiam) ("the use of online research likely reduces the number of hours required for an attorney's manual search, thereby lowering the lodestar, and that in the context of a fee-shifting provision, the charges for such online research may properly be included in a fee award"); <u>U.S. v. Merritt Meridian Constr. Corp.</u>, 95 F.3d 153, 173 (2d Cir. 1996) ("computer research is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees and is not a separately taxable cost."); <u>Fink v. City of New York</u>, 154 F. Supp. 2d 403, 415 (E.D.N.Y. 2001). Although the Court construes plaintiffs' request for such fees as a representation that the electronic research charges are not subsumed in D&L's hourly rates, as with the application for fees, the Court finds that the amount spent on electronic research is excessive and, therefore, reduces the award to $5000. All other costs not explicitly awarded are denied.

## Conclusion

For the reasons set forth above, plaintiffs are awarded $112,211.75 in attorneys' fees and $8515.71 for costs incurred in this action, both of which are to be taxed as to all defendants in the Judgment.

SO ORDERED.

Dated: Brooklyn, New York
      November 30, 2007

ERIC N. VITALIANO
United States District Judge